THE STATE OF WYOMING ON THE RELATION
OF CHARLES B. MORGAN, WYOMING STATE
TREASURER,

*Plaintiff and Respondent*

vs.

ROBERT J. MORAVETZ,

*Defendant and Appellant.*

(No. 2793; December 17th, 1957; 319 Pac. (2d) 527.)

For the defendant and appellant, the cause was submitted upon the brief and also oral argument of Henry A. Burgess of Sheridan, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief of Thomas O. Miller, Attorney General, and Arthur F. Fisher, Assistant Attorney General, of Cheyenne, Wyoming, and oral argument by Mr. Miller.

Heard before Blume, C.J., and Harnsberger and Parker, JJ.

## OPINION

Mr. Justice Parker delivered the opinion of the court.

The State brings this action under § 72-109, W.C.S. 1945, as amended by § 9, ch. 143, S.L. of Wyoming, 1951, alleging defendant's injuries of October 4, 1952, his compensation therefor under the Workmen's Compensation Law, his later settlement with third per-

sons for their negligent acts which caused his injuries, and in the light of such settlement his liability under the law to reimburse the Industrial Accident Fund for all except 33⅓ percent of the money paid to him by the State. To the petition defendant interposed a demurrer which was overruled and thereafter filed an answer in which he admitted his injuries, the payment by the State of the amounts alleged, his action against third parties for injuries caused to him, and the demand of the State for the amount now the subject of the suit; but went on to describe his injuries in considerable detail, alleged that said injuries were pleaded in his suit against the third persons, that he had later made a written agreement settling the cause of action against said third persons, reciting the body of the settlement agreement which indicated that the settlement was to him and to Edith Moravetz "as a result of the loss of her husband's services, companionship, society, and support," and alleged further that the settlement of $20,000 from the third persons was for injuries sustained by defendant in the fire and explosion of October 4, 1952, "for which the Defendant received no compensation from the Wyoming Industrial Accident fund." To this answer plaintiff demurred and the demurrer was sustained. From the judgment based on the order sustaining the demurrer, the appeal has been taken; and defendant claims the appeal raises three questions for decisions:

(1) Under § 9, ch. 143, S.L. of Wyoming, 1951, Does an injury mean a compensable injury?

(2) Is reimbursement to the Industrial Accident Fund contingent upon a legal liability being established?

(3) Where an injured workman receives damages

from settlement of a claim against a third party, which damages are for injuries for which he was not compensated, has there been a double recovery?

However, these questions were not presented by the pleadings in the case and cannot be answered at this time. For the purposes of a demurrer, the material allegations of the questioned pleading are admitted to be true. This rule is so well settled that authorities are perhaps unnecessary; but in passing it may be noted that the subject is discussed in 1 Bancroft's Code Pleading, 1926, p. 294; 41 Am.Jur., Pleading § 238; 71 C.J.S., Pleading § 261; and see numerous cases listed in 6 West's Wyoming Digest, 1956, Pleading, Keynumber 214.

Inasmuch as defendant sets out the words of the settlement which on its face shows it ran both to him and his wife and positively avers the $20,000 settlement received from the third party was for injuries for which he had received *no* compensation from the Wyoming Industrial Accident Fund, the demurrer was improperly sustained. As the demurrer assumes the truth of his statements, his answer alleged a defense; and it is essential that the facts relating thereto be developed before the suggested questions may be considered by this court.

The judgment of the trial court is reversed, and the case is remanded for such action as is consistent with the views herein expressed.

Reversed and remanded.